## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RASAJEE W. COUNCIL,<br><br>　　　　　Plaintiff,<br>　v.<br><br>CAMDEN COUNTY CORRECTIONAL FACILITY,<br><br>　　　　　Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-06771(JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Rasajee W. Council
Plaintiff Pro Se
P.O. Box 1241
Camden, NJ 08105

**SIMANDLE, Chief District Judge:**

## I.   INTRODUCTION

Plaintiff Rasajee W. Council seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against Camden County Correctional Facility ("CCCF") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the

Complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

## II.   <u>BACKGROUND</u>

Plaintiff's Complaint states: "2012: I was made to sleep on dirty floor which injured in a crowded cell [*sic*]. Also in 2009 was made to sleep on the floor due to overcrowding." Complaint § III(C).

Plaintiff contends that the events giving rise to these allegations occurred "Sept 28, 2012, Jan 2009." *Id*. § III(B).

The Complaint describes Plaintiff's alleged injuries: "I was treated for an ankle sprain before being incarcerated. I was placed in a shift boot with wrappings that got dirty and got a fungus infection. Also I was on the floor in the medical ward." *Id*. § IV.

Plaintiff "would seek maximum benefit for pain and suffering due to the pain and injuries sustained while incarcerated due to overcrowding and complication after the fact. Not that I want to return back but have the condition drastically improve." *Id*. § V.

## III.  <u>STANDARD OF REVIEW</u>

28 U.S.C. § 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Pursuant to § 1915(e)(2), this Court must *sua sponte* dismiss any claim that is frivolous, is

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

IV.  **DISCUSSION**

Plaintiff seeks monetary damages from CCCF for allegedly unconstitutional conditions of confinement. Primarily, the Complaint must be dismissed as the CCCF is not a "state actor" within the meaning of § 1983. *See*, *e.g.*, *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989)

3

(correctional facility is not a "person" under § 1983).
Accordingly, the claims against CCCF must be dismissed with
prejudice.

Furthermore, "plaintiffs who file complaints subject to
dismissal under [§ 1915] should receive leave to amend unless
amendment would be inequitable or futile." *Grayson v. Mayview
State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). This Court denies
leave to amend at this time as Plaintiff's Complaint is barred
by the statute of limitations, which is governed by New Jersey's
two-year limitations period for personal injury.[1] *See Wilson v.
Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*,
603 F.3d 181, 185 (3d Cir. 2010). The accrual date of a § 1983
action is determined by federal law, however. *Wallace v. Kato*,
549 U.S. 384, 388 (2007); *Montanez v. Sec'y Pa. Dep't of Corr.*,
773 F.3d 472, 480 (3d Cir. 2014).

"Under federal law, a cause of action accrues when the
plaintiff knew or should have known of the injury upon which the
action is based." *Montanez*, 773 F.3d at 480 (internal quotation
marks omitted). Plaintiff contends that the events giving rise

---

[1] "Although the running of the statute of limitations is
ordinarily an affirmative defense, where that defense is obvious
from the face of the complaint and no development of the record
is necessary, a court may dismiss a time-barred complaint sua
sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to
state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12
(3d Cir. 2013) (per curiam).

to the alleged claims occurred "Sept 28, 2012, Jan 2009."

Complaint § III(B). The allegedly unconstitutional conditions of

confinement at CCCF would have been immediately apparent to

Plaintiff at the time of detention; therefore, the statutes of

limitations for Plaintiff's claims expired on or about September

2014 and January 2011, respectively. As there are no grounds for

equitable tolling of the statute of limitations,[2] the Complaint

will be dismissed with prejudice. *Ostuni v. Wa Wa's Mart*, 532 F.

App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal

with prejudice due to expiration of statute of limitations).

V.    **CONCLUSION**

For the reasons stated above, the Complaint is dismissed

with prejudice for failure to state a claim. An appropriate

order follows.


**February 1, 2017**                    **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        Chief U.S. District Judge

_____

[2] Equitable tolling "is only appropriate '(1) where the defendant
has actively misled the plaintiff respecting the plaintiff's
cause of action; (2) where the plaintiff in some extraordinary
way has been prevented from asserting his or her rights; or (3)
where the plaintiff has timely asserted his or her rights
mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x
162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United
States*, 559 F.3d 189, 197 (3d Cir. 2009)).